UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL WESTON MATHEWS,<br><br>Defendant. | CASE NO: 2:23-CR-0120-TOR<br><br>ORDER DENYING MOTION TO SUPPRESS |

BEFORE THE COURT is Defendant's Motion to Suppress. ECF No. 20. The Court heard oral argument on September 19, 2024. Defendant's Motion to Suppress is denied.

## BACKGROUND FACTS

The Parties are familiar with the facts of the case. The pertinent facts supporting probable cause are as follows: Around 9:55 p.m. on August 6, 2023, N.L.M. called 911 emergency response in Spokane to report her boyfriend, later identified as Mr. Mathews, was threatening to kill himself. N.L.M. said Mr. Mathews was drinking, was really angry, and told her he "was gonna shoot himself

ORDER DENYING MOTION TO SUPPRESS ~ 1

in the head." N.L.M. said Mr. Mathews "has a gun in his car, and he keeps trying to get to his car." N.L.M. said Mr. Mathews walked off from the Safeway store on Indian Trail Road in Spokane, heading in the direction of their shared residence where his car was parked. N.L.M. said Mr. Mathew told her he was going to his car, which is where she thought his gun was at, though she did not know for sure where it was at.

The police called N.L.M. to obtain more updated information on Mr. Mathews' whereabouts. N.L.M. answered the call but did not respond to police, who heard yelling and arguing between a male and female. Upon arrival, police located both Mr. Mathews and N.L.M. on the front steps of the house.

N.L.M. agreed to speak to the police inside the house. Police asked N.L.M. what happened and she said she and Mr. Mathews were at a barbecue and he had too much to drink. N.L.M. said she and Mr. Mathews had gotten into an argument, which prompted him to tell her he was going to shoot himself in the head. Believing Mr. Mathews kept a firearm in his car, N.L.M. took his car keys away from him. N.L.M. said she hid Mr. Mathews' keys from him because she was afraid he would get his gun from his car and shoot himself. N.L.M. said Mr. Mathews became angry with her for hiding his keys. N.L.M. confirmed she had previously seen Mr. Mathews with a firearm and she knew he was not allowed to have one.

ORDER DENYING MOTION TO SUPPRESS ~ 2

When police asked N.L.M. what makes her believe the firearm was in Mr. Mathews' vehicle, she immediately responded, "Because he always keeps it in there, I think."

Mr. Mathews confirmed with police that he was on federal probation and had been for two years. Mr. Mathews appeared to be intoxicated by alcohol. When police asked Mr. Mathews if he was supposed to be drinking, he answered, "I am not."

The police then arrested Mr. Mathews for fourth degree assault (domestic violence) and interfering with reporting of domestic violence.

N.L.M. said Mr. Mathews was going to kill her as soon as he gets out of custody. Considering Mr. Mathews' threats to shoot himself in the head and repeated efforts to obtain his car keys, and N.L.M.'s stated belief that Mr. Mathews' gun was in his car and he was going to kill her as soon as he gets out of custody, police were concerned for community safety in the event a person got in the vehicle and accessed the firearm before any search could be conducted. Police determined it would be "safer to tow it." The vehicle was towed pending a search warrant or a search by Defendant's federal probation officer.

The United States Probation officer conducted a search on August 7, 2023 and in a compartment to the left of the steering wheel, a black-frame pistol loaded with twelve rounds of ammunition was located in Defendant's car.

ORDER DENYING MOTION TO SUPPRESS ~ 3

## DISCUSSION

Probable cause to search exists where "the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found." *Ornelas v. United States*, 517 U.S. 690, 696 (1996). This standard "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Illinois v. Gates*, 462 U.S. 213, 245 n.13 (1983). "Probable cause 'is not a high bar.'" *District of Columbia v. Wesby*, 583 U.S. 48, 57 (2018) (quoting *Kaley v. United States*, 571 U.S. 320, 338 (2014)).

Here the police had probable cause to search the car, yet they either needed a warrant or a search by the United States Probation officer.[1] Because the car was in a distant location and a warrant or probation search could not be done immediately, the police was justified in preserving the evidence and towing the car for safe keeping. It was reasonable for police to impound the vehicle pending either a search warrant application or probation search given the information N.L.M provided them. The exigent circumstances and community safety also included the urgent need to protect both people from death or injury if he accessed the firearm in his vehicle upon his release from custody.

---

[1] An officer's subjective belief or other state of mind is irrelevant to whether probable cause existed.

ORDER DENYING MOTION TO SUPPRESS ~ 4

The United States probation search was done timely, the next day. Probation was allowed to conduct the search based on the Judgment placing Defendant on supervision. ECF No. 25-1, p. 4.

Finally, the police acted in good faith when they towed the car. Here, police manifested an objectively reasonable, good-faith belief that their conduct was lawful. When the police act with an objectively reasonable, good-faith belief that their conduct is lawful . . . the deterrence rationale loses much of its force,' and therefore the exclusionary rule does not apply. See *Davis v. United States*, 564 U.S. 229 (2011).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion to Suppress, ECF No. 20, is **DENIED**.

The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

DATED September 20, 2024.



THOMAS O. RICE
United States District Judge